**08 CV 02080**

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (201) 882-0303
Fax:    (201) 299-2714
E-mail: rwanchoo@wanchoolaw.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

EGYPTIAN NAVIGATION CO.

                Plaintiff,

- against -

BAKER INVESTMENTS CORPORATION and
BAKER INTERNATIONAL GROUP

                Defendants.

----------------------------------------------------------------X

ECF CASE

08 CV ____ (__)

**VERIFIED COMPLAINT**

      Plaintiff, EGYPTIAN NAVIGATION CO. ("Plaintiff"), by its attorneys, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

**JURISDICTION AND VENUE**

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this

1

matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 et. seq. and/or the Federal Arbitration Act, 9 U.S.C. §1 et. seq.

2.    At all material times, Plaintiff was and now is a foreign corporation organized under and existing by virtue of the laws of the Arab Republic of Egypt, and is the Owner of the M.V. DOMIAT (the "Vessel"), a bulk carrier of about 24,015 deadweight tons capacity engaged in the carriage of bulk cargo by water.

3.    Upon information and belief, at all material times, Defendant, BAKER INVESTMENTS CORPORATION ("Defendant") was and now is a foreign corporation organized under and existing by virtue of the laws of Hellenic Republic/Greece, and is the Charterer of the Vessel.

4.    Upon information and belief, at all material times, Defendant, BAKER INTERNATIONAL GROUP ("Baker International") was and now is a foreign corporation organized and existing under and by virtue of the laws of a foreign country and was, and still is, at all material times the alter-ego, alias and/or paying agent of Defendant.

## FACTS GIVING RISE TO CLAIM

5.    On or about March 1, 2006, a time charter party (the "Charter") was made between Plaintiff, as Owner of the Vessel, and Defendant as Charterer whereby Defendant chartered the Vessel for the carriage of bulk cargo for a period of six (6) months +/- 15 days at Defendant's option.

6.    The Charter provided that Defendant shall pay for the use and hire of the Vessel at the rate of $9,500 per day payable every 15 days in advance. First fifteen days of hire plus value of

2

the bunkers on board was to be paid on the Vessel's delivery to the Defendant. The Charter also provided that the Vessel was to be loaded in a safe berth dock or place and that the Vessel shall not be required to enter or remain in any icebound port or area nor where there is a risk that the Vessel on account of ice will not be able to safely enter or remain in the port.

7.  Pursuant to the Charter, the Vessel was delivered to the Defendant on March 3, 2006. After the Vessel's delivery to the Defendant the Vessel was ordered to proceed to St. Petersburg. In its voyage orders Defendant admitted that St Petersburg would be affected by ice at the time of the Vessel's call at the port. Plaintiff rejected Defendant's order for the Vessel to proceed to St. Petersburg because at the time the order was made the port was not prospectively safe for the Vessel and Defendant's nomination of St Petersburg was a breach of the Charter.

8.  Despite Plaintiff's objection that St. Petersburg was an unsafe port Defendant refused to cancel the voyage orders and insisted that the Vessel proceed to the port. Furthermore, despite repeated demands Defendant failed to pay the first 15 days of hire along with the value of the bunkers on delivery totaling $236,323.00. Accordingly, on March 10, 2006 the Charter was terminated because of Defendant's persistence in ordering the Vessel to St Petersburg, an illegitimate order and thus a repudiatory breach by the Defendant.

9.  Plaintiff is entitled to damages for Defendant's repudiatory breach of the Charter by failing to nominate a port where the Vessel could safely load without encountering ice. Plaintiff's damages as a result of Defendant's breach include outstanding Charter hire and bunkers consumed for the period March 3-10, 206 in the amount of $128,355.46. Plaintiff has commenced London arbitration and has served its claims submissions on the arbitrators.

10. By reasons of the premises, Plaintiff has sustained damages in the amount of $128,355.46 as best as can presently be calculated.

11. In addition to its principal claim, Plaintiff is also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated are $120,000. (See Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.").

12. Arbitration of these disputes in London arbitration may take 2 years. Plaintiff is entitled to and would receive interest at the present rate of 7.25% compounded 3-monthly on the principal claim from March 10, 2006 to the completion of the arbitration or $30,875.52.

13. Thus, Plaintiff's total claim against Defendant for which it seeks security herein is $279,230.98 ($128,355.46 + $120,000 + $30,875.52).

14. Upon information and belief, Defendant uses Baker International as a "paying agent" or "pass through" entity such that it can insulate itself from creditors relating to its contracts.

15. It is not general practice in the maritime community, nor anywhere else, for independent companies to make large payments on behalf of other independent companies.

16. Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length".

17. Upon information and belief, Baker International is not only the holding parent of Defendant but is also the alter-ego of Defendant because it dominates and disregards Defendant's corporate form to the extent that Baker International is actually carrying on Defendant's business and operations as if the same were its own, or vice versa.

18. Upon information and belief, Defendant has no separate identity from Baker International.

19. Upon information and belief, both Defendant and Baker International share the same business address: 5-7 Ag. Nikolaou Street, Piraeus 18 537, Greece with Telephone No.: 0030210 4285925/6, and Fax: 003210 4282955.

20. In the further alternative, Defendant and Baker International are partners and/or joint ventures.

21. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

22. Plaintiff brings this action by seeking an order of seizure of Defendant and Baker International's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with arbitration of Plaintiff's claim against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, Baker Investments Corporation and Baker International Group, that they be personally cited to appear and answer the matters set forth above;

2. That if the Defendant and Baker International cannot be found within this District, then that Defendant and Baker International's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $279,230.98, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4. That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
March 3, 2008

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
EGYPTIAN NAVIGATION CO.

By: *Rahul Wanchoo*
Rahul Wanchoo (RW-8725)

STATE OF NEW JERSEY)
                    ss.
COUNTY OF BERGEN   )

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

*Rahul Wanchoo*

Sworn to and subscribed to
before me this 1st day of March, 2008.

*Masha Elelman*
Notary Public

Masha Elelman
Notary Public
State of New Jersey
My Comm. Expires Nov. 15, 2011