UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EGYPTIAN NAVIGATION CO.,

                                  Plaintiff,

      - against -

BAKER INVESTMENTS CORPORATION and
BAKER INTERNATIONAL GROUP,

                                  Defendants.
------------------------------------------------------------------------X

**ECF CASE**

08 Civ. 02080 (SHS)

## MEMORANDUM OF LAW IN SUPPORT OF
## INTERESTED PARTY ADORA INVESTMENTS INC.'s
## MOTION TO VACATE THE RULE B MARITIME ATTACHMENT

Of Counsel:

Kirk M. Lyons
Jon Werner

**Lyons & Flood, LLP**
Attorneys for Interested Party
ADORA INVESTMENTS INC.
65 W. 36th Street, 7th Floor
New York, NY 10018
(212) 594-2400

## INTRODUCTION

Pursuant to Supplemental Rule E(4)(f) of the Federal Rules of Civil Procedure, interested party ADORA INVESTMENTS INC. ("Adora") respectfully submits this Memorandum of Law in support of its motion to vacate the Ex Parte Order for issuance of process of maritime attachment and garnishment ("Attachment Order") issued pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule B") to the extent of the property currently under attachment. The facts in support of this motion are set forth in the Affirmation of Phillipos Gallanis dated March 14, 2008 ("Gallanis Aff."), the Affirmation of Antonis Lemos dated March 14, 2008 ("Lemos Aff."), and the Exhibits attached thereto, to which the Court is respectfully referred.

## FACTS

Plaintiff, EGYPTIAN NAVIGATION CO. ("Egyptian") commenced this action on March 3, 2008, claiming damages against defendants BAKER INVESTMENTS CORPORATION ("BIC") and BAKER INTERNATIONAL GROUP ("BIG") based on BIC's March 1, 2006, time charter of the M/V DOMIAT from Egyptian.

Egyptian also sought and obtained the Attachment Order for issuance of process of maritime attachment and garnishment. On March 4, 2008, this Court issued the Attachment Order in the sum of $279,230.98. Egyptian served process of maritime attachment and garnishment ("PMAG") on various garnishee banks within the Southern District of New York and on March 5, 2008, an electronic funds transfer ("EFT") in the amount of $127,755.79, being routed through Citibank for the benefit of Adora, was attached pursuant to the Attachment Order and PMAG.

The basis for Adora's motion to vacate the attachment is that Egyptian has attached an EFT being transmitted by a third-party for the benefit of Adora, whom is not a defendant in this action and is not named in the Attachment Order. Moreover, the EFT attached is the property of Adora, a non-party to this action. As such, Adora respectfully submits that the attachment should be vacated to the extent of the EFT currently under attachment and the attached funds released to Adora.

## ARGUMENT

### POINT I

**PLAINTIFF CANNOT MEET ITS RULE E(4)(f) BURDEN UNDER AQUA STOLI**

It is well-settled that a Rule B maritime attachment may not be obtained unless a plaintiff can establish that: (a) it has a valid *prima facie* admiralty claim; (b) the named defendant cannot be found within district; (c) the defendant's property attached was within the district; and (d) there is no statutory or maritime law bar to the attachment. Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2nd Cir. 2006).

Moreover, "a district court must vacate an attachment if the plaintiff fails to sustain his burden of showing that he has satisfied the requirements of Rule B and E." Aqua Stoli, supra, 460 F.3d at 445.

Adora, as a party with an interest in the attached funds is entitled to challenge Egyptian's attachment, since Rule E(4)(f) further provides that "[w]henever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." J.K. Int'l, Pty.,

-2-

Ltd. v. Agriko S.A.S., 2007 U.S. Dist. LEXIS 10074, at *6-7 (S.D.N.Y. 2007) (quoting FRCivP, Supp. R. E(4)(f)).

Thus, it is a plaintiff's burden at the post-attachment hearing to show that it has met all of the requirements of Rule B as set out in the Second Circuit's decision in Aqua Stoli, supra.

As Adora will show, Egyptian will be unable to carry its burden because the property (EFT) under attachment is Adora's property and Adora is not a defendant in this action. Thus, the attached property was not subject to Egyptian's Attachment Order.

### POINT II

### THE ATTACHMENT SHOULD BE VACATED BECAUSE THE ATTACHED PROPERTY BELONGS TO NON-PARTY ADORA

As set forth above, one of the required elements which a plaintiff must establish to avoid vacatur of an attachment is that the attached funds were the property of the defendants within the District at the time of attachment. Adora does not contest that the funds were within the Southern District of New York at the time of the attachment, but **does** contest that the funds were the property of defendants.

As Mr. Gallanis explains in his Affirmation, in July of 2005, Adora entered into an agreement with BIC, to loan BIC the amount of $195,000.00, with BIC to repay Adora the sum of $300,000.00 by January 31, 2008. (See Gallanis Aff. at ¶¶ 3-4). However, BIC did not repay the loan by January 31, 2008, and so, Adora entered into another agreement with BIC on February 22, 2008, the Deed of Assignment, providing that BIC would assign all of its earnings under its sub-charter of the vessel M/V DJEBEL REFAA to Louis Dreyfus Commodities Suisse S.A. ("Louis Dreyfus") to Adora, and would

further assign any future earnings from subsequent fixtures of the vessel until the debt was fully repaid.  (See Gallanis Aff. at ¶¶ 4-5).

The February 22, 2008, Deed of Assignment ("Assignment"), entered into between BIC and Adora, specifically provided that:

> The Assignor [BIC] hereby assigns to the Assignee [Adora] **with full title guarantee irrevocably and absolutely** the following property, rights, claims and liberties:
>
> (a) the sub freights (Earnings) from the sub charter of the vessel Djebel Refaa to Louis Dreyfus estimated to be in the sum of USD 120,000;
>
> (b) all other sub freights (Sub Freights) from subsequent fixtures of the vessel Djebel Refaa until the Debt has been repaid in full.

(See Exhibit A to Gallanis Aff.) (Emphasis added).

In the context of New York State law, where the assignment is full and complete, the party giving the assignment has no right to challenge the attachment since it has no property right in the assigned property.  See, e.g., Chubb & Son, Inc. v. Kelleher, 2007 U.S. Dist. LEXIS 71607 (E.D.N.Y. 2007); Maxus Leasing Group, Inc. v. Kobelco America, Inc., 2007 U.S. Dist. LEXIS 13312, at *5 (S.D.N.Y. 2007) ("A complete assignment, without qualification, cuts off the assignor's rights.").  Thus, by making an irrevocable and absolute assignment of the sub-freights under the Louis Dreyfus sub-charter, BIC relinquished all property rights to those funds.  And, under the terms of the Assignment, the property rights to those sub-freights were assigned to Adora.

On March 5, 2008, BIC issued its freight invoice to Louis Dreyfus, specifically instructing Louis Dreyfus to wire transfer its payment directly to the account of Adora.  (See Lemos Aff. at ¶ 5).  However, the wire instructions issued by Louis Dreyfus on

March 5, 2008, mistakenly named BIC as the beneficiary of the wire transfer, even though the banking details provided were those of Adora. (See Gallanis Aff. at ¶ 6).

This accidental naming of BIC as the beneficiary of the funds transfer does nothing to alter the fact that BIC has no legal property interest in the funds. In any event, it is clear that despite the use of BIC's name and address, the intended beneficiary of the funds transfer was Adora. The remainder of the beneficiary information listed Adora's banking institution and account number – as opposed to BIC's account details. Had the wire transfer been completely processed the funds would clearly have been sent to Adora's bank account and not BIC.

It is axiomatic that a Rule B plaintiff can only restrain funds which are the property of the defendants specifically named in the Attachment Order and Verified Complaint. For example, in DS Bulk Pte. Ltd. v. Calder Seacarrier Corp., 2006 U.S. Dist. LEXIS 39242 (S.D.N.Y. 2006), this Court recently held that a plaintiff could not maintain an attachment of a third-party's funds where the third-party was not named as a defendant in the attachment order or complaint. As this Court explained: "[t]he language of *Supplemental Rule B* clearly anticipates that only a 'defendant' will be subject to an order of attachment." DS Bulk Pte. Ltd., supra, 2006 U.S. Dist. LEXIS 39242, at *5. See also T & O Shipping, Ltd. v. Source Link Co., Ltd., 2006 U.S. Dist. LEXIS 88153, at *13 (S.D.N.Y. 2006) ("Rule B limits the scope of an attachment to a defendant who is named in the Verified Complaint and because Source Link Shipping is not named in the Verified Complaint, Plaintiff cannot attach Source Link Shipping's funds."); but cf. Essar Int'l Ltd. v. Martrade Gulf Logistics, FZCO, 2007 U.S. Dist. LEXIS 61713 (S.D.N.Y. 2007); Chiquita Int'l, Ltd. v. MV Bosse, 518 F. Supp. 2d 589 (S.D.N.Y. 2007).

As noted above, Egyptian did not name Adora as a defendant in the Verified Complaint and the Attachment Order does not name Adora. Thus, Egyptian cannot make a *prima facie* showing that it properly alleged a maritime claim against Adora when the Attachment Order was issued – one of the fundamental requirements plaintiff must establish in order to avoid vacatur. Aqua Stoli, supra, 460 F.3d at 445.

Moreover, since Egyptian did not mention Adora in its Verified Complaint, it doubtless also failed to allege in its Rule B(1)(b) Affidavit that Adora could not be found within the Southern District of New York, which is another prerequisite to obtaining an Attachment Order under Rule B. See DS Bulk Pte. Ltd., supra, 2006 U.S. Dist. LEXIS 39242, at *5, and T & O Shipping, Ltd., supra, 2006 U.S. Dist. LEXIS 88153, at *13-14.

Thus, Adora respectfully submits that Egyptian's attachment of Adora's funds should be vacated.

## CONCLUSION

Adora respectfully requests that this Court grant its motion to vacate the Attachment Order to the extent of the EFT currently under attachment at Citibank, Order the release of the attached funds, and grant Adora such other and further relief as the Court sees fit.

Dated: March 17, 2008

                                                LYONS & FLOOD, LLP
                                                Attorneys for Interested Party
                                                ADORA INVESTMENTS INC.

By:      _____
            Kirk M. Lyons (KL-1568)
            65 West 36th Street, 7th Floor
            New York, New York 10018
            (212) 594-2400

U:\kmhldocs\2651002\Motions\MOL-Vacate.doc

## **CERTIFICATE OF SERVICE**

Kirk M. Lyons, an attorney duly admitted to practice before this Honorable Court, affirms on this 17th day of March 2008, I served true copies of the foregoing, by e-mail and ECF notice to:

LAW OFFICES OF RAHUL WANCHOO
Attorneys for Plaintiff
350 Fifth Avenue, 59th Floor
New York, NY 10118

Attn:  Rahul Wanchoo, Esq.
       rwanchoo@wanchoolaw.com

*(signature)*
Kirk M. Lyons

U:\kmhldocs\2651002\Motions\MOL-Vacate.doc