**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:    (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X

EGYPTIAN NAVIGATION CO.

                        Plaintiff,

            - against -

BAKER INVESTMENTS CORPORATION
AND BAKER INTERNATIONAL GROUP

                        Defendants.

---------------------------------------------------X

**ECF CASE**

08 Civ. 02080 (SHS)

**DECLARATION OF RAHUL WANCHOO
IN OPPOSITION TO VACATE
RULE B MARITIME ATTACHMENT**

RAHUL WANCHOO hereby declares the following pursuant to 28 U.S.C. § 1746:

1.      I am a member admitted to the Bar of this Honorable Court and I am a principal in the

firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff EGYPTIAN

NAVIGATION CO. (hereinafter referred to as "ENC" or Plaintiff).

2.      I am fully familiar with the facts of this matter and submit this Declaration in opposition

of the motion to vacate maritime attachment filed by interested party, ADORA

INVESTMENTS INC.

3.    Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's Verified Complaint dated March 3, 2008.

4.    Attached hereto as Exhibit 2 is a true and correct copy of this Court's Ex Parte Order of Maritime Attachment dated March 3, 2008 and the Process of Maritime Attachment and Garnishment dated March 4, 2008.

5.    Attached hereto as Exhibit 3 is a true and correct copy of the e-mail notification received from Citibank dated March 5, 2008 that it had received a payment for $127,755.79 for the benefit of **Baker Investments Corporation**.

6.    Attached hereto as Exhibit 4 is a true and correct copy of the Affidavit in Support of Application for Maritime Attachment dated March 1, 2008.

7.    I declare under penalty of perjury that the foregoing is true and correct. Executed on March 21, 2008.

*Rahul Wanchoo*

RAHUL WANCHOO

# EXHIBIT 1



**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (201) 882-0303
Fax:      (201) 299-2714
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EGYPTIAN NAVIGATION CO.

                    Plaintiff,

           - against -

BAKER INVESTMENTS CORPORATION and
BAKER INTERNATIONAL GROUP

                 Defendants.

------------------------------------------------------------X

ECF CASE

08 CV ____ (___)

**VERIFIED COMPLAINT**

       Plaintiff, EGYPTIAN NAVIGATION CO. ("Plaintiff"), by its attorneys, LAW OFFICES

OF RAHUL WANCHOO, alleges on information and belief as follows:

**JURISDICTION AND VENUE**

    1.     This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the

United States and of this Honorable Court. This case also falls under the Court's admiralty and

maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this

1

matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 et. seq. and/or the Federal Arbitration Act, 9 U.S.C. §1 et. seq.

2.      At all material times, Plaintiff was and now is a foreign corporation organized under and existing by virtue of the laws of the Arab Republic of Egypt, and is the Owner of the M.V. DOMIAT (the "Vessel"), a bulk carrier of about 24,015 deadweight tons capacity engaged in the carriage of bulk cargo by water.

3.      Upon information and belief, at all material times, Defendant, BAKER INVESTMENTS CORPORATION ("Defendant") was and now is a foreign corporation organized under and existing by virtue of the laws of Hellenic Republic/Greece, and is the Charterer of the Vessel.

4.      Upon information and belief, at all material times, Defendant, BAKER INTERNATIONAL GROUP ("Baker International") was and now is a foreign corporation organized and existing under and by virtue of the laws of a foreign country and was, and still is, at all material times the alter-ego, alias and/or paying agent of Defendant.

## FACTS GIVING RISE TO CLAIM

5.      On or about March 1, 2006, a time charter party (the "Charter") was made between Plaintiff, as Owner of the Vessel, and Defendant as Charterer whereby Defendant chartered the Vessel for the carriage of bulk cargo for a period of six (6) months +/- 15 days at Defendant's option.

6.      The Charter provided that Defendant shall pay for the use and hire of the Vessel at the rate of $9,500 per day payable every 15 days in advance. First fifteen days of hire plus value of

2

the bunkers on board was to be paid on the Vessel's delivery to the Defendant. The Charter also provided that the Vessel was to be loaded in a safe berth dock or place and that the Vessel shall not be required to enter or remain in any icebound port or area nor where there is a risk that the Vessel on account of ice will not be able to safely enter or remain in the port.

7.    Pursuant to the Charter, the Vessel was delivered to the Defendant on March 3, 2006. After the Vessel's delivery to the Defendant the Vessel was ordered to proceed to St. Petersburg. In its voyage orders Defendant admitted that St Petersburg would be affected by ice at the time of the Vessel's call at the port. Plaintiff rejected Defendant's order for the Vessel to proceed to St. Petersburg because at the time the order was made the port was not prospectively safe for the Vessel and Defendant's nomination of St Petersburg was a breach of the Charter.

8.    Despite Plaintiff's objection that St. Petersburg was an unsafe port Defendant refused to cancel the voyage orders and insisted that the Vessel proceed to the port. Furthermore, despite repeated demands Defendant failed to pay the first 15 days of hire along with the value of the bunkers on delivery totaling $236,323.00. Accordingly, on March 10, 2006 the Charter was terminated because of Defendant's persistence in ordering the Vessel to St Petersburg, an illegitimate order and thus a repudiatory breach by the Defendant.

9.    Plaintiff is entitled to damages for Defendant's repudiatory breach of the Charter by failing to nominate a port where the Vessel could safely load without encountering ice. Plaintiff's damages as a result of Defendant's breach include outstanding Charter hire and bunkers consumed for the period March 3-10, 206 in the amount of $128,355.46. Plaintiff has commenced London arbitration and has served its claims submissions on the arbitrators.

10.    By reasons of the premises, Plaintiff has sustained damages in the amount of $128,355.46 as best as can presently be calculated.

3

11.   In addition to its principal claim, Plaintiff is also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated are $120,000. (See Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.").

12.   Arbitration of these disputes in London arbitration may take 2 years.  Plaintiff is entitled to and would receive interest at the present rate of 7.25% compounded 3-monthly on the principal claim from March 10, 2006 to the completion of the arbitration or $30,875.52.

13.   Thus, Plaintiff's total claim against Defendant for which it seeks security herein is $279,230.98 ($128,355.46 + $120,000 + $30,875.52).

14.   Upon information and belief, Defendant uses Baker International as a "paying agent" or "pass through" entity such that it can insulate itself from creditors relating to its contracts.

15.   It is not general practice in the maritime community, nor anywhere else, for independent companies to make large payments on behalf of other independent companies.

16.   Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length".

17.   Upon information and belief, Baker International is not only the holding parent of Defendant but is also the alter-ego of Defendant because it dominates and disregards Defendant's corporate form to the extent that Baker International is actually carrying on Defendant's business and operations as if the same were its own, or vice versa.

18.   Upon information and belief, Defendant has no separate identity from Baker International.

4

19.    Upon information and belief, both Defendant and Baker International share the same business address: 5-7 Ag. Nikolaou Street, Piraeus 18 537, Greece with Telephone No.: 0030210 4285925/6, and Fax: 003210 4282955.

20.    In the further alternative, Defendant and Baker International are partners and/or joint ventures.

21.    All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

22.    Plaintiff brings this action by seeking an order of seizure of Defendant and Baker International's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with arbitration of Plaintiff's claim against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, Baker Investments Corporation and Baker International Group, that they be personally cited to appear and answer the matters set forth above;

2.    That if the Defendant and Baker International cannot be found within this District, then that Defendant and Baker International's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $279,230.98, the sum sued for in this Complaint;

5

3.     That the action thereafter be stayed pending the arbitration award and that a

judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by

Plaintiff, together with interest, costs and disbursements of this action; and

4.     That this Court grants to Plaintiff such other and further relief as may be just and

proper in the circumstances.

Dated: New York, New York
       March 3, 2008

LAW OFFICES OF RAHUL WANCHOO
Attorneys for Plaintiff
EGYPTIAN NAVIGATION CO.

By:  _Rahul Wanchoo_____
       Rahul Wanchoo (RW-8725)

STATE OF NEW JERSEY)

                                  ss.

COUNTY OF BERGEN   )

      I, Rahul Wanchoo, being duly sworn, deposes and says:

      I am an attorney at law and a member of the firm of Law Offices of Rahul

Wanchoo, attorneys for Plaintiff.

      I have read the foregoing Verified Complaint and know the contents thereof and

the same are true to the best of my knowledge, information and belief.

      The reason that this verification is made by me and not by Plaintiff is that Plaintiff

is a foreign corporation and is not within this District.

_____
Rahul Wanchoo

Sworn to and subscribed to
before me this 1st day of March, 2008.

_____
Notary Public

Masha Elelman
Notary Public
State of New Jersey
My Comm. Expires Nov. 15, 2011

# EXHIBIT 2

08 CV 02080

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (201) 882-0303
Fax:      (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03-04-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EGYPTIAN NAVIGATION CO.

                              Plaintiff,

               - against -


BAKER INVESTMENTS CORPORATION and
BAKER INTERNATIONAL GROUP.

                              Defendants.

------------------------------------------------------------X

ECF CASE

08 CV _____ (_____)

**EX PARTE ORDER OF**
**MARITIME ATTACHMENT**

        **WHEREAS**, on March 3, 2008, Plaintiff, EGYPTIAN NAVIGATION CO. filed a

Verified Complaint herein for damages amounting to $279,230.98 inclusive of interest, cost and

reasonable attorneys' fees, and praying for the issuance of Process of Maritime Attachment and

Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime

Claims of the Federal Rules of Civil Procedure; and

        **WHEREAS**, the Process of Maritime Attachment and Garnishment would command that

the United States Marshal or other designated process server attach any and all of the

Defendants' property within the District of this Court up to the amount of $279,230.98; and

MICROFILMED
MAR - 4 2008 -12:00 PM

**WHEREAS**, the Court has reviewed the Verified Complaint and the supporting affidavit, and the conditions of the Supplemental Admiralty Rule B appearing to exist, it is hereby

**ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendants by any garnishees within this District, including but not limited to, JPMORGAN CHASE BANK, UBS AG, CITIBANK, N.A., BANK OF NEW YORK, BANK OF AMERICA, HSBC BANK, DEUTSCHE BANK, WACHOVIA BANK, BARCLAYS, BNP PARIBAS, AMERICAN EXPRESS BANK and STANDARD CHARTERED BANK, and in an amount up to and including $279,230.98, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or by electronic mail to any garnishee; and it is further

**ORDERED** that service on any garnishee described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

2

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated:  New York, New York
        March 3, 2008

_____
              U.S.D.J.

CERTIFIED AS A TRUE COPY ON

THIS DATE __03-04-08__

BY _____
         ( ) Clerk
         (—) Deputy

3

**JUDGE STEIN**

## PROCESS OF MARITIME ATTACHMENT
## AND GARNISHMENT

# 08 CV 02080

THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York –

**GREETINGS:**

      **WHEREAS** a complaint has been filed in the United States District Court for the Southern District of New York on the 3rd day of March 2008 by

**LAW OFFICES OF RAHUL WANCHOO** (RW-8725)
Attorneys For Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (201) 882-0303
Fax:    (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

EGYPTIAN NAVIGATION CO.

                Plaintiff,

            - against -

BAKER INVESTMENTS CORPORATION and
BAKER INTERNATIONAL GROUP.

                Defendants.
-----------------------------------------------------------X

in a certain action for damages for breach of a contract of charter party dated on or about March 1, 2006 therein alleged to be due and owing said Plaintiff amounting to $279,230.98 and praying for process of maritime attachment and garnishment against the said Defendants, and

      **WHEREAS,** this process is issued pursuant to such prayer and requires that a garnishee shall serve his answer, together with answers to any interrogatories served with the complaint, within 20 days after service of process upon him and requires that Defendants shall serve their answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

**NOW, THEREFORE,** we do hereby command you that if the said Defendants, cannot be found within the District you attach goods and chattels belonging to said Defendants, and, if such goods and chattels cannot be found up to the amount sued for, that you attach all credits and effects up to the amount sued for, to wit, $279,230.98 in the hands of:

| | |
|---|---|
| **JPMORGAN CHASE BANK** | **WACHOVIA BANK** |
| **UBS AG** | **BARCLAYS BANK** |
| **CITIBANK, N.A.** | **BNP PARIBAS** |
| **BANK OF NEW YORK** | **AMERICAN EXPRESS BANK** |
| **BANK OF AMERICA** | **STANDARD CHARTERED BANK** |
| **HSBC BANK** | **DEUTSCHE BANK** |

including, but not limited to any funds belonging to or being transferred to or from Defendant or its accounts in Greece, which may come into the hands of the Correspondent and/or Intermediary Banks in New York, identified above, and that you promptly after execution of this process, file the same in this Court with your return thereon.

**WITNESS,** the Honorable Sidney H. Stein , Judge of said Court, this 4 day of March, 2008, and of our independence the two hundred and fortieth.

**J. MICHAEL McMAHON**

CLERK OF THE COURT

BY: _____
DEPUTY CLERK

Attorneys for Plaintiff
Law Offices Of Rahul Wanchoo (RW-8725)
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Tel. (201) 882-0303
Fax. (212) 618-0213

***NOTE:*** *This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.*

CERTIFIED **AS A TRUE** COPY OF

**THIS DATE** 03-04-08

BY _____
( ) Clerk
( ) Deputy

2

# EXHIBIT 3

**Rahul Wanchoo**

| | |
|---|---|
| **From:** | Mihalik, Mary B  [mary.b.mihalik@citi.com] |
| **Sent:** | Wednesday, March 05, 2008 5:06 PM |
| **To:** | PMAG Wanchoo |
| **Subject:** | NOTICE OF PAYMENT REC'D BY CITIBANK RE: SUPPLEMENTAL PROCESS EGYPTIAN NAVIGATION V. BAKER INVESTMENTS CORPN 08 CV 0208 |

**Importance:**    High


Rahl,

Please be advised that Citibank has received a payment for $127,755.79 for the benefit of **Baker Investments Corporation**.  We will continue to hold these funds until further notice from you.

**[422] Beneficiary Information - No Chips Lookup**
**D GR2802600290000231200213642**
**BAKER INVESTMENTS CORPORATION**
**PIRAEUS**
**PIRAEUS BRANCH OFFICE**
**5-7 AG. NIKOLAOU STREET**

**NOTE TO FTN UNIT:  Please continue to hold payment...** ....ks, mary

Mary B. Mihalik, VP
Citi Markets & Banking
GCO-Litigation
388 Greenwich Street / 17th Floor
New York, NY 10013
tel:   1-212-816-6182
fax:   1-866-560-0633
email: mary.b.mihalik@citi.com



**From:** PMAG Wanchoo [mailto:pmag@wanchoolaw.com]
**Sent:** Wednesday, March 05, 2008 11:23 AM
**To:** Mihalik, Mary B [CMB-GCO]; Corner, Rodd [CMB-GCO]; aebpmag@zeklaw.com; pmag@zeklaw.com; Jennifer.Paley@ubs.com; lpiechocki@mw-law.com; pmag@americas.bnpparibas.com; Legal.Service@us.standardchartered.com; xraMaritimeAttachmen@barcap.com; Maritime.Attachments@wachovia.com
**Subject:** SUPPLEMENTAL PROCESS EGYPTIAN NAVIGATION V. BAKER INVESTMENTS CORPN 08 CV 0208

Dear Sirs,

Please find attached Plaintiff's supplemental Process of Maritime Attachment and Garnishment in the captioned matter. Thanks.

Best regards,

Rahul Wanchoo
Law Offices of Rahul Wanchoo
Phone:(201) 882-0303
Fax:   (201) 301-3576

# EXHIBIT 4

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (201) 882-0303
Fax:      (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

EGYPTIAN NAVIGATION CO.

                              Plaintiff,                            ECF CASE

                                                                   08 Civ. 02080 (SHS)
                         - against -
                                                            **AFFIDAVIT IN SUPPORT OF**
                                                            **APPLICATION FOR**
                                                            **MARITIME ATTACHMENT**

BAKER INVESTMENTS CORPORATION and
BAKER INTERNATIONAL GROUP.

                              Defendants.
---------------------------------------------------------------X

STATE OF NEW JERSEY    )
                       )          ss:
COUNTY OF BERGEN       )

        RAHUL WANCHOO, being duly sworn, deposes and says:

        1.      I am a member of the firm of Law Offices of Rahul Wanchoo attorneys for

Plaintiff, EGYPTIAN NAVIGATION CO., and make this affidavit in support of Plaintiff's

application for the issuance of Process of Maritime Attachment and Garnishment pursuant to

Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure.

2.    Based upon my inquires and to the best of my information and belief, Defendants, BAKER INVESTMENTS CORPORATION and BAKER INTERNATIONAL GROUP are all foreign corporations and that cannot be found within this District.

3.    I have not found Defendants listed in the New York telephone directory.  I have also called the telephone directory assistance bureaus for this District (Area Codes 212, 718, 914), and have been informed by the operators that there are no listings for Defendant in any of these areas.

4.    I have caused an online search to be made of the files containing corporate records for the New York Department of State, which includes businesses registered to do business in New York, and have found no listings for Defendants.

5.    I have caused a search to be made through the Lexis/Nexis computer database of the files containing judgments for the State of New York and have found no listings for Defendants.

6.    I have caused a search to be made of the worldwide web using the Google search engine and have not located any site that indicates Defendants' presence within the district.

7.    Accordingly I respectfully submit Defendants cannot be found within the district and that process of maritime attachment and garnishment should be issued.

8.    No previous application for an Order of Attachment or similar relief has been sought in this matter.

_____
RAHUL WANCHOO

Sworn to and subscribed to before
me this 1st March, 2008.

_____
Notary Public

Masha Eielman
Notary Public
State of New Jersey

2