UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

EGYPTIAN NAVIGATION CO.

          Plaintiff,

- against -

BAKER INVESTMENTS CORPORATION
AND BAKER INTERNATIONAL GROUP

          Defendants.

-------------------------------------------------X

**ECF CASE**

08 Civ. 02080 (SHS)

## DECLARATION OF LAURENCE MARRON IN OPPOSITION TO VACATE RULE B MARITIME ATTACHMENT

**LAURENCE MARRON**, Principal of Laurence Marron Solicitors, 68 Lombard Street, London EC3V 9LJ, UK, hereby declares pursuant to 28 U.S.C. Section 1746:

1. I am a Solicitor of the Supreme Court of England and Wales and Principal of the firm Laurence Marron Solicitors of the above address. I am aware of the facts of this case as I am acting for Egyptian Navigation Co ("ENC") in its claim against Baker Investments Corp ("BIC") in arbitration in London in connection with disputes under a charter party dated 1 March 2006 under which ENC let its vessel "DOMIAT" to BIC.

2. I make this declaration in support of the ENC application to oppose the motion to vacate the maritime attachment filed by interested party Adora Investments Inc ("AII"). I am duly authorized by ENC to submit this declaration on its behalf.

3. I make this declaration based on my knowledge of the case which I have derived from my involvement in the London arbitration to which I have referred in paragraph 1 above and on

*LM*
21 March 2008

documents passed to me by Mr Rahul Wanchoo, the plaintiff's attorney in this action. As a Solicitor of the Supreme Court of England and Wales, I believe I am competent to comment of the aspects of English law which have arisen in connection with the motion to vacate the maritime attachment.

4.  I note from the papers passed to me by Mr Wanchoo that it is alleged both by BIC and AII that the earnings and sub-freights from BIC's charter of the vessel "DJEBEL REFAA to Louis Dreyfus had been assigned by BIC to AII. A copy of what is alleged to be the pertinent deed of assignment dated 22 February 2008 appeared at exhibit A to the declaration dated 14 March 2008 of Phillipos Gallanis. I note that section 4 of that document provides for English law to be the governing law of the deed of assignment.

5.  Section 136 of the English Law of Property Act of 1925 ("the statute") provides:

> *Any absolute assignment by writing under the hand of the assignor (not purporting to be by way of charge only) of any debt or other legal thing in action, of which express notice in writing has been given to the debtor, trustee or other person from whom the assignor would have been entitled to claim such debt or thing in action, is effectual in law (subject to equities having priority over the right of the assignee) to pass and transfer from the date of such notice:*
>
> *(a)  the legal right to such debt or thing in action;*
> *(b)  all legal and other remedies for the same; and*
> *(c)  the power to give a good discharge for the same without the concurrence of the assignor.*

Thus, one of the conditions which must be satisfied in order to complete the title of one who claims to be a statutory assignee pursuant to the statute (which AII appears to be seeking to be) is that written notice of the assignment has been given to the debtor or other person from whom the right assigned is due (in this case, Louis Dreyfus, said to be the sub-charterers of the vessel "DJEBEL REFAA").

*LM*
*21 March 2008*

2

6. In the English Court of Appeal case of *Warner Bros Records Inc v Rollgreen Ltd* [1976] QB 430, Lord Denning, having earlier referred to section 136 of the statute, went on to say that

> "... it is a settled principle of equity that in order to perfect the title of an assignee of a debt notice to the debtor is necessary: see Stocks v. Dobson (1853) 4 De G.M. & G. 11, 15, 16, per Turner L.J., and in Halsbury's Laws of England, 4th ed., vol. 6 (1974), para. 42, p. 27, it is said: "In order to make the assignee's title effective against the debtor or fundholder and third parties notice of the assignment must be given to the debtor or fundholder,..."

7. The form of the notice of assignment would depend of the nature of the right being assigned. However, under English law, the essential requirements in all notices of assignment are that the notice must be clear and unambiguous and expressly or implicitly record the fact of an assignment and must clearly indicate to the debtor that by virtue of the assignment, the assignee is entitled to receive the money.

8. From the papers I have read, I have seen no document which satisfies these English law requirements of a notice of assignment to Louis Dreyfus. Exhibit B to the affirmation of Antonis Lemos appears to be a letter dated 5 March 2008 from BIC to Louis Dreyfus attaching a freight invoice of the same date. On the same day that BIC appears to have sent to Louis Dreyfus the freight invoice, I was notified by Mr Wanchoo of the attachment of US$127,755.79 which is the subject of this motion.. It is not clear to me from the papers which occurred first. I do not believe the letter from BIC of 5 March 2008 constitutes a valid notice of assignment – in fact there is no mention of the word "assignment" in that communication. Rather, that letter from BIC to Louis Dreyfus was simply an instruction for payment, not a notice of assignment, and as such would not satisfy the requirements of s136 of the statute for the purposes of transferring legal title to the funds.

*LM*

21 March 2008

3

9. Although failing to satisfy the requirements to be a statutory assignee under the statute, AII might, however, be considered an equitable assignee. I have insufficient papers to be able to come to any firm conclusion on that point. However, the failure to give notice of the assignment to Louis Dreyfus would seriously prejudice the title of AII, as equitable assignee, since, under English law, an equitable assignee is bound by any payment which the debtor may make to the assignor in ignorance of the assignment. It seems to me that when Louis Dreyfus made the transfer of US$127,755.75 on 5 March 2008, Louis Dreyfus was completely ignorant of the assignment.

10. I declare under penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

By: *Laurence Marron*
LAURENCE MARRON

Executed on 21 March 2008