UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

EGYPTIAN NAVIGATION CO.

               Plaintiff,

- against -

BAKER INVESTMENTS CORPORATION
AND BAKER INTERNATIONAL GROUP

               Defendants.

---------------------------------------------------------X

ECF CASE

08 Civ. 02080 (SHS)

## DECLARATION OF MOHAMED SHAABAN IN OPPOSITION TO VACATE RULE B MARITIME ATTACHMENT

MOHAMED SHAABAN of Egyptian Navigation Company, 2 El Nasr Street, Alexandria, Egypt, hereby declares pursuant to 28 U.S.C. Section 1746:

1. I am the insurance and claims manager at Egyptian Navigation Company ("ENC"), the plaintiff in this action. I am fully aware of the facts of this matter as I am handling it in the offices of ENC in Alexandria, Egypt. I submit this declaration in support of the ENC application to oppose the motion to vacate the maritime attachment filed by interested party ADORA INVESTMENTS INC ("Adora"). I am authorized to make this declaration on behalf of ENC.

2. ENC is currently pursuing a claim in arbitration in London against the defendant Baker Investments Corporation ("BIC") pursuant to an arbitration agreement contained in a charter party dated 1 March 2006 under which ENC let its vessel "DOMIAT" to BIC.

1

It is ENC's case in that arbitration that ENC is owed by BIC both hire and a payment in respect of bunkers consumed by the vessel "DOMIAT" for the period in March 2006 that that vessel was at the disposal of BIC under that charter party. ENC subsequently terminated the charter following BIC's persistence in maintaining an illegitimate order for "DOMIAT" to proceed to a port affected by ice. The ENC claim in the London arbitration is for US$128,355.46 plus interest and costs.

3. ENC has no security for its claim against BIC and BIC has not offered to provide any security. ENC has no knowledge of any BIC assets. ENC instructed asset search company Lloyd's MIU to investigate the assets of BIC, but the results of that enquiry failed to reveal any assets. However, the Lloyd's MIU report did confirm that BIC was still trading.

4. The only security which ENC has to guarantee a possible arbitration award in its favour is the US$127,755.79 currently under attachment at Citibank, New York, and which is the subject of Adora's motion to vacate. It is unlikely, I believe, that any other assets of BIC will be located. If this motion to vacate the maritime attachment succeeds, ENC's claim against BIC in the London arbitration would then be left unsecured – and, I fear, remain unsecured as I doubt that there would be any future attachments.

5. I declare under penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____
MOHAMED SHAABAN

Executed on 21 March 2008

2