**UNITED STATES DISTRICT COURT**
**SOUTHER DISTRICT OF NEW YORK**
**-------------------------------------------------X**

**EGYPTIAN NAVIGATION CO.**

                  **Plaintiff,**

         **-against-**

**BAKER INVESTMENTS CORPORATION**
**AND BAKER INTERNATIONAL GROUP**

                 **Defendants**
**-------------------------------------------------X**

**ECF CASE**

**08 Civ.02080 (SHS)**

## DECLARATION OF BENJAMIN JOHN HORN

Benjamin John Horn of Faegre and Benson LLP of 7 Pilgrim Street London EC46 VLB hereby declare pursuant to 28 USC Section 1746:

1. I am a solicitor of the Supreme Court of England and Wales, Special Counsel in the International law firm Faegre and Benson LLP and a Chartered Arbitrator.

2. I am aware of the facts of this case having seen both the documents lodged in support of the Rule B and those in opposition as well as the claim documentation lodged by Constant and Constant (originally London solicitors for Egyptian Navigation Co "ENC") and the submissions in defence and counterclaim of Baker Investments Corporation ("BIC") in that same arbitration. I am surprised that no mention has been made of the counterclaim made by BIC in the London Arbitration which is for a sum significantly higher than the claim of ENC in that same arbitration and in respect of which I understand no defence has been served.

3. I have been asked by Messrs Lyons and Flood LLP to comment in particular upon the affirmation of Lawrence Marron dated 21st March 2008 made in support of the application to oppose the motion to vacate filed by Adora Investments Inc(AII).

4. As a solicitor of the Supreme Court I am competent to comment upon the English legal aspects of the case and which have been discussed in the affirmation of Mr Marron.

5. Mr Marron has correctly set out the provisions of Section 136 of the Law of Property Act 1925(the Act) in paragraph 5 of his affirmation. Mr Marron is also correct to say that to benefit from the regime set out in the Act it is necessary to give notice to the debtor. The relevant notice however need not be formal

(Denney, Gasquet and Metcalfe v Conklin (1913) 3 KB 177) and need not be written with the intention that it should perform the function of giving notice.

6. I disagree with the suggestion of Mr Marron that it is dispositive that the word assignment does not appear in BIC letter of 5th March. Indeed, the word assignment did not appear in the Denny case cited above. In that case, the following notice of assignment to the debtor was found to be sufficient notice within the meaning of the previous statutory enactment of the Act: "the Trustees of the deed of arrangement ….have instructed us to apply to you for an account showing all dealings between yourself and Mr Walter Derham. The reason of this application is that there appears from Mr Derham's books to be a considerable debt due to him for money advances."

7. It is thus clear that the absence of the word assignment in the notice is not dispositive. What was found to be a good notice under the Act in the Denney case made no mention of the word assignment, nor was mention made of the amount that had been assigned. It was merely a request for an account of dealings between the debtor and the assignor.

8. A separate document intentionally prepared as notice and described as such is also not necessary to constitute notice within the Act. All the act requires is that information relative to the assignment shall be conveyed to the debtor and that it shall be conveyed in writing (Van Lynn Developments Ltd V Pelias Construction Co Ltd 1969 3 All ER 824). Although there is no decided case directly to the effect that a payment instruction given to the debtor to pay a person other than the creditor is capable of constituting sufficient written notice to the debtor within the meaning of the Act, in my view it could. In this case, this would depend on whether the 5th March letter from BIC gave sufficient notice to Louis Dreyfus that the debt had been assigned. Clearly, that letter gave notice that BIC wished someone other than themselves to be paid which is consistent with the existence of an assignment and even instructed that the beneficiary should be AII and not BIC. It was only as a result of an error, quickly corrected, made by the debtor that the name BIC appeared at all.

9. The effect of an assignment under the Act is that it transfers the legal right to the chose in action to the assignee from the date of the notice. The debt no longer belongs to the assignor but to the assignee and the assignor can no longer sue for it. The Act, however, did not create any new rights and does nothing to impair the validity or efficacy of equitable assignments.

10. From the earliest of times the courts of equity have always permitted and given effect to all forms of assignments of debts.

11. No special form of words is required for an equitable assignment and an equitable assignment can even be oral provided that the words used clearly show an intention that the assignee is to have the benefit of the chose in action. In this case

there was a specific written agreement dated 22nd February 2008 between AII and BIC by which BIC assigned to AII certain of its receivables to repay debts due to AII. In my view, the agreement between AII and BIC dated 22nd February 2008 clearly constitutes a valid equitable assignment.

12. Furthermore, if the letter from BIC to Louis Dreyfus is construed only as a payment instruction and not notice of an assignment so as to bring the agreement of 22nd February 2008 within the regime of the Act, then that payment instruction may also be an equitable assignment in its own right. This is because on this construction the BIC letter of 5th March is a direction by a person who has or will have funds in the hands of another(Louis Dreyfus) to that other person to pay the sums to a third party, AII .(see Alexander v Steinhardt, Walker and Co. 1903 2 KB 208).

13. The effect of an equitable assignment of a chose in action is that it passes title to the assigned property to the assignee and the right to sue for its recovery. As between the assignee (AII) and the assignor (BIC) an equitable assignment is absolute and complete without notice being given to the debtor. This is because notice does not render the title perfect and is not even a step in perfecting title (Ward and Pemberton v Duncombe 1893 AC 369 at page 392). Notice to the person owing the debt is not necessary to complete the assignees title and its relevance is limited to the issue of priorities between assignees. The effect of a failure to give such notice is that the equitable assignee may lose priority to a subsequent assignee who gives notice prior to him without notice of the first assignment.(Ward and Pemberton v Duncombe 1893 AC 369 at 392)

14. Very importantly notice is not necessary as against third persons who claim to stand in the same position as the assignor or to claim through him for example a creditor who has obtained a charging order (United Bank of Kuwait v Sahib 1995 2 All ER 973) or a third party debt order (Holt v Heatherfield Trust 1942 2KB 1). In the Holt case, following an assignment of a debt absolutely to the plaintiff, but before notice could be given, a third party obtained a garnishee order over the assigned debt. The issue was whether the garnishee or the assignee had priority to the debt. It was held that the assignment in question was a good equitable assignment and as the garnishee order could only charge property with which the assignor could honestly deal it did not charge the assigned debt which was property of the assignee.

15. In this case ENC do not have an existing debt but simply seek security for an alleged claim by garnishment on the basis that notwithstanding the assignment between BIC and AII the property assigned continues to belong to BIC. In English law as is clear from the Holt case this is not the case. Put shortly, in English Law the freight payment from Louis Dreyfus which is the subject of this Rule B would be viewed as belonging to AII, and not capable of attachment to secure claims against BIC.

16. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

BENJAMIN JOHN HORN

Executed on 25th March 2008