UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EGYPTIAN NAVIGATION CO.

                Plaintiff,

- against -

BAKER INVESTMENTS CORPORATION and
BAKER INTERNATIONAL GROUP

                Defendants.

------------------------------------------------------------X

**ECF CASE**

08 Civ. 02080 (SHS)


**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF PLAINTIFF'S MOTION FOR STAY OF
EXECUTION OF ORDER VACATING MARITIME ATTACHMENT**

                                                  **Law Offices of Rahul Wanchoo**
                                                  Attorneys for Plaintiff
                                                  Empire State Building
                                                  350 Fifth Avenue, 59th Floor
                                                  New York, New York 10118
                                                  Phone: (646) 593-8866

Of Counsel:

Rahul Wanchoo, Esq.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………………….. 1

ARGUMENT……………………………………………………………………………... 1

POINT I…………………………………………………………………………………... 1

ADORA HAS FAILED TO REFUTE PLAINTIFF'S RIGHT TO A STAY OF EXECUTION OF THE APRIL 14, 2008 ORDER…………………………………….. 1

POINT II………………………………………………………………………………….. 6

THE COURT SHOULD EXERCISE ITS DISCRETION TO ELIMINATE THE SUPERSEDEAS BOND REQUIREMENT……………………………………………. 6

CONCLUSION…………………………………………………………………………… 7

## PRELIMINARY STATEMENT

Plaintiff, Egyptian Navigation Co. ("Plaintiff"), by its undersigned counsel, submits the within Memorandum of Law in Further Support of its Motion pursuant to Federal Rule of Civil Procedure 62(c) ("Fed. R. Civ. P. 62 (c)") for a stay pending appeal of the Opinion and Order ("*Order*") entered April 14, 2008 vacating the maritime attachment of certain funds restrained by Citibank. Plaintiff respectfully submits that interested party Adora Investments Inc ("Adora") has failed to refute Plaintiff's right to a stay of the Order in its Memorandum of Law in Opposition to Plaintiff's Motion ("Adora's Memorandum").

## ARGUMENT

### POINT I

### ADORA HAS FAILED TO REFUTE PLAINTIFF'S RIGHT TO A STAY OF EXECUTION OF THE APRIL 14, 2008 ORDER

Plaintiff seeks a stay of the April 14, 2008 order pursuant to Federal Rule of Civil Procedure 62(c). Rule 62(c) states:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Fed. R. Civ. P. 62(c). In opposition, Adora states in general language that a "stay pending appeal bears a 'difficult burden." *Adora's Memorandum* at 2 (citing United States v. Private Sanitation Indus. Assn of Nassua/Suffolk, Inc., 44 F. 3d 1082 (2d Cir. 1995). However, in that case, the party seeking the stay had pleaded guilty in a separate criminal action to threatening private

contractors with property damage. Based on this confession and other evidence the trial court granted summary judgment in favor of the United States in a Civil RICO complaint. The court granted appellant's motion for an expedited appeal of the trial court's summary judgment, but refused his motion for stay. The court held that the interests of the government and public in terminating the control of trash on Long Island "weigh heavily against granting a stay". *Id*. Thus, because the <u>Private Sanitation</u> case is a Civil RICO case and the court had granted an expedited appeal, the standards are different and the case is not instructive.

On the other hand, the present case is on all fours with <u>Centauri Shipping Ltd. v. Western Bulk Carrier KS</u>, 07 Cir.4193 (2d Cir. January 30, 2008) where the Second Circuit granted plaintiff-appellant's stay of execution of the district court's order vacating a maritime attachment. A copy of the Second Circuit's Order dated January 30, 2008 is attached as Appendix A.

While Adora concedes that the likelihood of success on appeal is not "outcome determinative; it cites to <u>Malarkey v. Texaco, Inc.</u> 794 F. Supp. 1248, 1250 (S.D.N.Y. 1992) for the proposition that a party seeking a stay must make a strong showing that it is likely to succeed on the merits (*Adora's Memorandum at 3*). Although Plaintiff does not dispute this general statement, unlike in that case, where the party seeking a stay relied solely on its bald assertion that it has "clearly raised serious legal questions", Plaintiff has offered concrete reasons why it believe it will prevail on appeal and, in any event, a stay is nevertheless justified on the basis that the issues on appeal will be of first impression for the Second Circuit. Similarly, the other cases upon which Adora relies in this vein are inapplicable since in those cases the parties opposing the stay would suffer "irreparable harm". See, <u>Clarett v. National Football League,</u> 306 F. Supp. 2d

(S.D.N.Y. 2004). ("If a stay issues, <u>Clarett</u> will be precluded from entering the 2004 draft and may lose a year of playing time in the NFL – itself a "very detrimental injury". Unlike the parties in that case opposing the stay Adora has offered no more than a self serving declaration by its Director, Mr. Gallanis that Adora will lose about $32,000.00 in investment income. <u>See</u> *Aff. Of Phillipos Gallanis dated May 20, 2008 at ¶ 4.*

Adora has submitted the declaration of Emmet Paul Coldrick in support of its allegation that the deed of assignment was effective under English law. Mr. Coldrick opinions are rebutted by the Supplemental Declaration of Mr. Mark Wingate Jones, Plaintiff's English barrister (*"Jones' Supp. Decl."*), which accompanies Plaintiff's Reply Memorandum. Mr. Jones remains firmly of the view that the arguments available to Plaintiff give rise to a 'substantial possibility' of its succeeding on the appeal. <u>See</u>, Jones *Supp. Decl.* ¶ 6. Specifically, Mr. Jones believes that an English Curt would construe the Deed as an agreement to assign the sub freights if and when they were earned rather than hold it to have been of no effect at all. *Jones Supp. Decl.* ¶15. In this regard, Mr. Jones disagrees with Mr. Coldrick's view that it is "both reasonable and likely" that an English Court would construe the Deed as an immediate assignment of the contractual right to claim freight under Louis Dreyfus Sub Charter and an agreement to assign the sub freights under future fixtures of the Vessel. *Jones Supp. Decl.* ¶ 16 – 17. Thus, Mr. Jones remains of the view that "there is a good chance that an English Court would construe the Deed as being an agreement to assign the actual freights, if an when they fell due, under the Charter." *Jones Supp. Decl.* ¶ 20. Furthermore, Mr. Jones identifies various arguments which are open to Plaintiff to challenge Mr. Coldrick's view that the agreement to assign was supported by valuable consideration to permit its enforcement in equity. In this connection Mr. Jones points

out that the second affirmations of Messrs. Lemos and Gallanis were only introduced by Adora to address the consideration issue raised in his earlier Declaration. *Jones Supp. Decl.* ¶ 46. As Mr. Jones states,

> It is remarkable that, while [Mr. Gallanis] does cover the logical steps said to have led to the execution of the Deed, and indeed Adora's actual forbearance allegedly in light of the Deed, he does not mention any requests from Baker not to sue. It is also striking that no correspondence between Adora and Baker was exhibited by either gentlemen, when one would have expected such correspondence to exist if indeed the two companies were unrelated and operated at arms-length.

*Jones Supp. Decl.* ¶46. *(emphasis in original)*. Thus, Mr. Jones firmly remains of the view that the arguments available to Plaintiff "give rise to a substantial possibility of it succeeding on the appeal." *Jones Supp. Decl.* ¶48.

Regarding the "irreparable injury prong of the analysis under Rule 62(c), Adora contends that Plaintiff's entire claim is based upon "pure conjecture" and such speculation should not be given any weight by the Court in deciding if Plaintiff has shown irreparable harm. Adora's *Memorandum at 6* (citing Equal Employment Opportunity Commin. v. Local 638, 1995 U.S. Dist. Lexis 7756 at *2 (S.D.N.Y. 1995). In EEOC the court held that it was premature for the Union to be able to prove that it will suffer the requisite amount of harm if its contribution to the ETER funds was increased as the Administrator had not yet responded to the Union's comments. On the other hand, Plaintiff has obtained evidence that both Adora and Baker Investment Corporation ("BIC") are defendant offshore companies registered in the Marshall Islands. These offshore companies "do not have a physically manned office with personnel at the offshore location. The company is merely a "letterbox". See *Attachment to the Declaration of Mohamed Shaaban dated 5 May 2008.* Adora also argues that just because Defendant BIC has participated

4

in the London arbitration and has asserted a counterclaim against Plaintiff which far exceeds the damages sought by Plaintiff in its principal claim, there is no reason that BIC will not honor its obligations in the London arbitration. *See, Affirmation of Mr. Antonis Lemos dated May 22, 2008 at ¶4*. This argument is clearly illogical as the mere fact that BIC is asserting a greater counterclaim does not guarantee that should Plaintiff prevail in the London arbitration BIC will satisfy the award in its favor. Thus, absent a stay Plaintiff will be irreparably injured by the loss of security represented by the maritime attachment of funds in the hands of Citibank.

Continuing with its theme of distorting cases, Adora again cites to inapplicable cases, *e.g.* Brenntag Int'l Chemicals, Inc. v. Bank of India, 175 F.3d 245, 249 (2d Cir. 1999); Ford v. Reynolds, 316 F.3d 351, 355 (2d Cir.2003) for the proposition that to establish irreparable harm one must show more than mere money damages. While that may be so in the context of a party's request for a temporary injunction, such cases have no bearing on the propriety of a stay pending appeal under Rule 62(c), and especially are not germane to the circumstances of this case where Plaintiff's attachment has been ordered vacated and where no money judgement is involved.

Adora also disingenuously argues that as it is not a party to this lawsuit it would be inequitable to hold its property merely because Plaintiff may "find it difficult to collect a judgment from a defendant unrelated to Adora". *Adora's Memorandum at 7*. The underlying issue concerning Plaintiff's appeal is whether Defendant had a property interest in the funds restrained by Citibank because it had previously assigned to Adora all rights to the payment. It is Plaintiff's position that interest in the freight payment had <u>not</u> been transferred to Adora by virtue of the purported assignment, Adora does not have any property interest in the funds restrained by Citibank, and hence equity does not favor Adora in this case.

5

While Plaintiff agrees that although the continuous control of the *res* is no longer required to maintain jurisdiction over an *in rem* action, release of the attachment in an action under Rule B produces the undesirable consequence of leaving the Plaintiff with no security to enforce an eventual judgment in its favor. Thus, even if the Plaintiff succeeds on appeal, the return of the *res* would be totally dependant on Defendant's willingness to return it. Plaintiff should not be put in such a predicament, especially under circumstances where it was within its rights in seeking the attachment and met all requirements under Supplemental Admiralty Rule B and the precedent there under in obtaining the attachment.

Quite to the contrary of Adora's misleading arguments and citation to totally inapposite case law, Plaintiff's arguments as set forth in its Main Memorandum of Law justify the issuance of the stay. The possibility that this Court's ultimate judgment in Plaintiff's favor might end up being a hollow, worthless judgment is reason in and of itself sufficient to justify that stay. Nothing in Defendant's opposition papers refutes this fact in a logical or meaningful way. In any case, Adora has offered no evidence that it will be harmed by the stay, unlike Plaintiff which will clearly be harmed by the denial of the stay. Adora's interest in the funds will be adequately protected if the funds are placed in an interest bearing account. Plaintiff would prefer that Defendant simply post security in the full amount requested, which of course would obviate the need for this motion and the forthcoming appeal.

Accordingly, a stay in this case is appropriate in order to maintain the status quo until the Court of Appeals has the opportunity to resolve the issues presented by the Order vacating the attachment.

## POINT II

### THE COURT SHOULD EXERCISE ITS DISCRETION
### TO ELIMINATE THE SUPERSEDEAS BOND REQUIREMENT

The Court has the discretion to eliminate the supersedeas bond requirement altogether, to order a reduced bond and/or to order an alternate form of security. The Court may fix the amount of the supersedeas bond to the costs of this action and costs on appeal. See, Borgships Inc. Monrovia v. M/V Macarena, 1993 U.S. Dist. LEXIS 16351 at *1 (E.D. La. 1993). In Borgships, the court looked to former Federal Rule of Civil Procedure 73(d) for guidance in determining the appropriate amount of supersedeas bond in this context. *Id.* at n.1. Former Rule 73(d) stated:

> When the judgment determines the disposition of the property in controversy as in real actions, replevin, and actions to foreclose mortgages or when such property is in the custody of the marshal . . . the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest and damages for delay."

Adora argues that in the event the Court grants Plaintiff's motion for a stay, Plaintiff should be required to post a supersedeas bond in the amount of $63,877.92, representing approximately two years of Adora's alleged losses. *Adora's Memorandum at 10.* Adora has not produced any evidence to show that it will suffer a loss of $63,877.92 if the Court grants the stay. In the circumstances, Adora's request for Plaintiff to post a supersedeas bond in the amount of $63,877.92 should be denied.

Beyond costs of this action and costs on appeal it is difficult to envision any damages Adora could claim by virtue of a stay of the order vacating the attachment at Citibank. Plaintiff respectfully submits that the Court should exercise its discretion and waive the supersedeas bond

requirement. In the alternative, because the Order in Adora's favor is not a money judgment, the Plaintiff should be required to post supersedeas bond in an amount not exceeding $2,500.00.

## CONCLUSION

In sum, because Plaintiff has made a strong showing of its likelihood of success on appeal and because denying the stay will obviously prejudice Plaintiff's ultimate ability to recover, Plaintiff's motion for stay pending appeal under Federal Rule of Civil Procedure 62(c) should be granted in the manner and for the reasons set forth in its main Memorandum of Law.

Dated: June 10, 2008
      New York, New York

Respectfully submitted,

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Egyptian Navigation Co.

By: _Rahul Wanchoo_
    Rahul Wanchoo (RW-8725)

## CERTIFICATION

Rahul Wanchoo, an attorney admitted to practice before this Honorable Court, certifies that on this June 10, 2008, a copy of the foregoing Memorandum of Law was served via email to the following counsel of record:

LYONS & FLOOD, LLP
Attorneys for ADORA INVESTMENTS INC.
65 West 36th Street, 7th Floor
New York, New York 10018

Attn:   Kirk M. Lyons, Esq.
        Jon Werner, Esq.

_____
Rahul Wanchoo

# APPENDIX A

S.D.N.Y. - N.Y.C.
07-cv-4761
Sullivan, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of January, two thousand eight,

Present:

    Hon. John M. Walker, Jr.,
    Hon. Guido Calabresi,
    Hon. Reena Raggi,
        *Circuit Judges.*

---

Centauri Shipping Ltd.,

        *Plaintiff-Appellant,*

v.                                                                                                 07-4193-cv

Western Bulk Carriers KS, *et al.*,

        *Defendants-Appellees.*

---

Appellant, through counsel, moves for a stay of execution of the district court's order vacating a

SAO-JS

CERTIFIED: 1/30/08

maritime attachment. Upon due consideration, it is hereby ORDERED that the motion is GRANTED. *See McCue v. City of New York (In re World Trade Ctr. Disaster Site Litigation)*, 503 F.3d 167, 170 (2d Cir. 2007); *Aqua Stoli Shipping Ltd. v. Gardner Smith Ltd.*, 460 F.3d 434, 443 (2d Cir. 2006). Appellees request an order requiring appellant to post a supersedeas bond in the amount of the surety bond. Upon due consideration, it is hereby ORDERED that the request is DENIED without prejudice to refiling after appellees first request such relief from the district court. Fed. R. App. P. 8(a)(1)(B).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____

Catherine O'Hagan Wolfe, Clerk
by: _____
DEPUTY CLERK

A TRUE COPY

SAO-JS

2