USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EGYPTIAN NAVIGATION CO.,                  :    08-Civ-2080 (SHS)
                                          :
                Plaintiff,                :
                                          :    ORDER
        -against-                         :
                                          :
BAKER INVESTMENTS CORPORATION and         :
BAKER INTERNATIONAL GROUP,                :
                                          :
                Defendants.               :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

In an Opinion and Order dated April 14, 2008, this Court granted the motion of non-party Adora Investments Inc. to vacate a maritime attachment that plaintiff Egyptian Navigation Co. had obtained against defendants Baker Investments Corporation and Baker International Group to the extent that certain property had been attached. The property consisted of funds held by Citibank in New York that were being routed via Electronic Funds Transfer to a bank account in Greece.

Egyptian Navigation Co. has now moved pursuant to Federal Rule of Civil Procedure 62(c) to stay the order vacating the attachment pending Egyptian's appeal. Rule 62(c) provides a district court with discretion to stay an order vacating a maritime attachment. Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F. Supp. 2d 186, 189 (S.D.N.Y. 2007). The factors guiding a court's discretion include (1) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal; (2) the risk of irreparable injury to the movant absent a stay; (3) the lack of substantial harm to the non-movant if the stay is granted; and (4) the public interests that may be affected. Id.; see also Hirschfeld v. Bd. of Elections, 984 F.2d 35, 39 (2d Cir. 1993).

1

In this case, Egyptian and Adora have both supplied additional declarations from English barristers analyzing English law. Those declarations discuss the English law regulating assignments that was analyzed in the April 14 Opinion and Order and do not lead to the conclusion that Egyptian has demonstrated a "substantial possibility" of success on appeal.

As for the second factor—the risk of irreparable injury to the movant absent a stay—Egyptian contends that if the April 14 Order is not stayed, the attached funds will be released and Egyptian will not be assured of their return if Egyptian is successful on appeal because Baker has no other assets known to Egyptian. However, Egyptian's belief regarding the extent of Baker's assets does not have evidentiary support in this record. In addition, the loss of the attached funds does not constitute "irreparable injury" absent evidence that Baker is insolvent, facing imminent bankruptcy, or in a perilous financial state. Centauri Shipping, 528 F. Supp. 2d at 194; see also Brenntag Int'l Chems., Inc. v. Bank of India, 175 F.3d 245, 249 (2d Cir. 1999). The Court rejects as mere speculation Egyptian's unsupported assertions regarding Baker's allegedly perilous financial condition. The fact that Baker and Egyptian are currently engaged in arbitration in London concerning the maritime dispute underlying this action suggests that Baker has assets.

With regard to the third factor—lack of substantial harm to the non-movant if the stay is granted—Egyptian argues that a stay of the Order vacating the attachment will not substantially harm Adora. Adora in turn contends that the loss of its funds is costing it $2,661.58 per month in investment income. (Affirmation of Phillipos Gallanis in Opposition to Motion for Stay ¶ 4.) The Court need not opine on the strength or veracity of that contention. It is enough to say that Adora is harmed to some extent by not having the use of its funds now.

The fourth factor—whether public interests are affected—is not implicated here.

Considering each of the factors set forth above, the Court concludes that a stay of the April 14th Order is not appropriate. Accordingly, Egyptian's motion to stay the April 14th Order vacating the maritime attachment in this action is denied.

Dated: New York, New York
June 16, 2008

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.